UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRYAN DUCKWORTH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09-CV-1442 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This matter is before the Court upon the motion of Bryan Duckworth to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response addressing the merits of the motion.

### I. Background

On June 30, 2008, Duckworth pled guilty to conspiring to distribute and to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846.[1] The penalties for the offense included a sentence of imprisonment of not less than 10 years and not more than life. At sentencing, the Court determined that the guideline imprisonment range was 120 months (U.S.S.G. § 5G1.1(b)), that Duckworth was not eligible for the safety-valve (U.S.S.G. § 5C1.2), and that there were no grounds for a downward departure.[2] On September 19, 2008 Duckworth was sentenced to a term of imprisonment of 120 months. He did not appeal the judgment.

---

[1]This was a lesser-included offense of the crime charged in Count I of the indictment. The government agreed to dismiss the charge against Duckworth in Count X.

[2]Unless otherwise noted, all references are to the 2007 edition of the Guidelines Manual.

II. Discussion

A. Ineffective Assistance of Counsel

In his motion to vacate, Duckworth asserts that he was denied effective assistance of counsel in several respects. To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate a reasonable probability that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997); Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive; a court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

1. Ground One

Duckworth first claims that his attorney failed to tell him that he could plead guilty to a lesser charge involving cocaine powder. It is undisputed that Duckworth did not have any agreement with the government that would have allowed him to plead guilty to any offense involving cocaine powder. Defense counsel cannot be faulted for failing to inform Duckworth of a plea agreement that did not exist. Thus, there is no merit to this claim.

### 2. Ground 2

Duckworth's second claim is that his attorney failed to provide him with the discovery materials pertaining to his case. This claim is disputed by defense counsel, who states in his affidavit that he "reviewed all discovery with Mr. Duckworth including wiretaps, police reports, and search warrants, as well as provided Mr. Duckworth with said copies." [Doc. # 10-2]. Defense counsel's statement is consistent with Duckworth's acknowledgment in the plea agreement that he had "reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel." [Doc. # 10-3, p. 13]. To the extent Duckworth's claim raises an issue of credibility, the Court resolves that issue in favor of defense counsel.

Even if the Court were to find that defense counsel failed to provide the discovery materials as Duckworth alleges, Duckworth has not shown that he sustained any prejudice. At the change of plea hearing, Duckworth stated under oath that he distributed more than 50 grams of cocaine base that he obtained from one of the co-conspirators, and he agreed that the government would be able to prove this beyond a reasonable doubt. [Doc. # 10-4, pp. 14-15; Doc. # 10-3, pp. 9-10]. Duckworth has not shown a reasonable probability that, but for counsel's alleged error, he would not have pled guilty but instead would have proceeded to trial.

### 3. Ground 3

In his third ground for relief, Duckworth states that waived his pretrial motions because he was told that he had to do so in order to receive the benefit of the acceptance of responsibility reduction under U.S.S.G. § 3E1.1. Duckworth claims that his attorney misled him by failing to inform him that the acceptance of responsibility

guideline would not affect his sentence because the offense carried a statutory mandatory minimum sentence of imprisonment.  Duckworth also claims that he was told that he would receive an adjustment for his role as a minor participant.

The plea agreement and the transcript of the change of plea hearing show that Duckworth was fully informed of the 10-year mandatory minimum sentence of imprisonment and all other penalties he faced by pleading guilty.  He was told that the Court was not required to follow the sentencing guidelines recommended in the plea agreement, which included acceptance of responsibility and safety-valve. [Doc. # 10-2, pp. 8-9, 10-11; Doc. # 10-4, pp. 11-13].   Under these circumstances, Duckworth cannot reasonably contend that he was surprised by the sentence he received.

Additionally, Duckworth does not identify the pretrial motions he would have filed but for the alleged deficient performance by defense counsel.  Nor does he show a likelihood that any such motion would have been granted.   As such, Duckworth has not demonstrated prejudice.

### B. Time-Barred Claim

On January 1, 2011, Duckworth filed a "Motion for Traverse" in reply to the government's response to his § 2255 motion.  Included in the motion for traverse is an additional claim of ineffective assistance of counsel that was not previously raised. Specifically, Duckworth alleges that his attorney failed to file a notice of appeal despite being directed to do so.

A one-year period of limitation applies to motions for relief under § 2255.  28 U.S.C. § 2255(f).  The one-year period begins to run---as relevant here---from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1).  In the instant case, because Duckworth did not seek appellate review, his conviction became

final on October 3, 2008, when the 10-day period for filing a notice of appeal expired. Fed.R.App.P. 4(b)(1)(A), 26(a).³ See Murray v. United States, 313 Fed. Appx. 924 (8th Cir. 2009)(when defendant did not file direct appeal, his conviction became final upon expiration of the time for filing notice of appeal) [*citing* Anjulo-Lopez v. United States, 541 F.3d 814, 816 n. 2 (8th Cir. 2008)]. The ineffective assistance claim in the motion for traverse was filed long after Duckworth's conviction became final, and he has not alleged any circumstances that would make equitable tolling applicable. Id. Because the claim is time-barred, the Court will not consider it.

### III. Conclusion

For the foregoing reasons, the Court concludes that Duckworth has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion. Additionally, the Court finds that Duckworth has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2012.

---

³Duckworth was sentenced before the 2009 amendments to the Federal Rules of Appellate Procedure that changed the time for filing a notice of appeal to 14 days and that changed the time computation approach to including intermediate weekends and holidays.